IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN D. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 21-473 |
| vs. | ) |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

ORDER

AND NOW, this 31st day of August 2022, having considered the parties' motions for summary judgment, the Court will grant Defendant's motion.[1] The agency's final decision wherein the Administrative Law Judge ("ALJ") denied Plaintiff's applications for disability insurance benefits ("DIB") and disabled widow's benefits ("DWB") filed under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence; therefore, it will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[2]

---

[1]  This Order granting Defendant's motion excludes an award of costs as the request for costs was unargued in the accompanying brief. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions" do not raise issues).

[2]  Plaintiff argues that the ALJ erred in his formulation of her residual functional capacity ("RFC"). Rather than finding her to be capable of a reduced range of medium work, Plaintiff argues she should have been found to be capable of no more than sedentary work with additional non-exertional limitations. For the reasons expressed herein, the Court will affirm the underlying decision.

A claimant's RFC is "the most [he/she] can still do despite [his/her] limitations." 20 C.F.R. § 404.1545(a)(1). In it, the ALJ must account for limitations arising from all a claimant's medically determinable impairments—both those that are severe and those that are not severe. *Id.* § 404.1545(a)(2). The ALJ is solely responsible for weighing all relevant evidence and formulating a claimant's RFC. *Id.* § 404.1527(d)(2). The Court reviews such findings for substantial evidence. *Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990). Substantial evidence is not a particularly demanding evidentiary standard. *Biestek*, 139 S. Ct. at 1154 ("[T]he

threshold for such evidentiary sufficiency is not high."). It is oft described as "more than a mere scintilla," *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The Court considers an ALJ's decision "as a whole," *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004), to ensure it is so supported and to further ensure the ALJ has not overlooked or mischaracterized relevant evidence. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981); *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citation omitted). The Court also considers whether evidence an ALJ cited to support his decision ceased to be substantial because it was "overwhelmed by other evidence," *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983), while being cautious to avoid re-weighing the evidence. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). The mere fact that evidence could have been drawn to another conclusion does not undermine an ALJ's decision so long as it is adequately supported. *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

In this matter the ALJ considered evidence of Plaintiff's medically determinable impairments, including migraine headaches, degenerative disc disease, cervical stenosis, post-concussion syndrome, generalized anxiety disorder, depression, and PTSD. (R. 23). To accommodate Plaintiff's resultant limitations, the ALJ formulated an RFC with a baseline of medium work, supplemented by ten limitations, *e.g.*: "She can frequently climb ramps and stairs, but never ladders, ropes, or scaffolds;" "She must avoid concentrated exposure to extremes of light, such as direct sunlight;" "She is limited to performing routine and repetitive tasks in a static and low-stress environment that involves only simple decision-making and one or two-step tasks;" and "She can tolerate only infrequent changes that can be explained, written down, and/or demonstrated, and can be learned in 30 days or less." (R. 26). Plaintiff argues that the RFC significantly overstates her abilities and that the ALJ's inaccurate appraisal of her abilities is largely due to errors in his consideration of medical opinion and prior administrative medical findings evidence. Plaintiff has also briefly argued that the ALJ failed to consider her advanced age. Because the ALJ clearly considered Plaintiff's advanced age—(R. 29 ("The claimant . . . was 55 years old, which is defined as an individual of advanced age"))—the Court need not further address that issue herein.

Plaintiff challenges the ALJ's consideration of six sources' opinions and findings in her motion: she argues that the ALJ relied too heavily on the opinions/findings of Dr. Alexandra Smith-Demain, Dr. James Vizza, and Dr. Arlene Rattan; and she further argues that the ALJ did not rely enough on the opinions/findings of Dr. Isabella Picciotti, Dr. Diane Fox, and Plaintiff's treating CRNP Tami Judy. For claimants like Plaintiff who file their benefits applications on or after March 27, 2017, medical opinion and prior administrative medical findings are reviewed pursuant to 20 C.F.R. § 404.1520c. The regulation instructs ALJs not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." *Id.* § 404.1520c(a). Instead, ALJs are to "evaluate the persuasiveness" of such opinions/findings pursuant to five factors. *Id.* They must address the two most important factors: supportability

2

and consistency. *Id.* § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors[.]").

In this matter, the Court discerns no error in the ALJ's evaluation of the persuasiveness of the opinions/findings of Dr. Smith-Demain, Dr. Vizza, Dr. Rattan, Dr. Picciotti, Dr. Fox, or Ms. Judy. The ALJ articulated persuasiveness findings for all of these and explained how supportability and consistency affected his evaluation. (R. 28—29). Dr. Smith-Demain's opinion was the most supportive of medium work. (R. 1143—48). The ALJ found Dr. Smith-Demain's opinion to be "persuasive" because it was "well[-]supported by the objective findings from the doctor's own evaluation and consistent with the longitudinal treatment records" discussed earlier in the ALJ's decision. (R. 29). The ALJ explained that he found Dr. Picciotti and Dr. Fox's findings—which supported a modified light-work RFC—to be "only somewhat persuasive" because the doctors had "overstate[d] the severity of her physical restrictions in light of the improvement [Plaintiff] showed with conservative treatment, and the modest degree of degenerative changes seen on diagnostic imaging." (R. 28). For Dr. Vizza and Dr. Rattan's findings that Plaintiff could "understand, retain and follow simple instructions while performing one and two-step tasks despite mild to moderate functional limitations," the ALJ explained that these findings were "persuasive" because they were supported by the "neurological treatment records" and Plaintiff's "modest mental health treatment records." (*Id.*). Finally, for Ms. Judy's migraines-related opinion that Plaintiff's concentration would be impaired 10% of the workday, that she would have difficulty multitasking, and that she would be absent four days/month, the ALJ explained he found the opinion to be "only somewhat persuasive" because "such marked degree of limitation secondary to . . . migraine headaches" was not supported by the "neurological treatment records." (R. 29).

Plaintiff has argued that these persuasiveness findings are wrong, and points to evidence in the record that she believes should have led to different findings and, ultimately, a different RFC. For Dr. Smith-Demain's opinion, Plaintiff argues the ALJ erred in finding that opinion to be persuasive mainly because Dr. Smith-Demain believed she could lift as much as fifty pounds despite evidence that she had limited range of motion and pain in her cervical spine and could only lift very little weight. However, the Court will not disturb the ALJ's persuasiveness finding for Dr. Smith-Demain's opinion because the ALJ did not overlook purportedly contrary evidence. The ALJ acknowledged Plaintiff's testimony that she could not "do heavy lifting because of chronic neck pain" (R. 26) and considered evidence of her "multilevel degenerative disc disease, resulting in spinal stenosis." (R. 27). He weighed this and other evidence, *e.g.*, evidence of Plaintiff's improvement with physical therapy and evidence of Plaintiff's daily activities like caring for grandchildren. (R. 28). Plaintiff has not pointed to objective evidence in the record that the ALJ might have overlooked showing she could lift only very little weight. Records from Plaintiff's chiropractic care provider included a notation that she could only "lift very light weights," but that notation appears on her *self-evaluation*. (R. 970). Dr. Picciotti and Dr. Fox's light-work finding constituted contrary evidence, but the ALJ explained why he found their findings to be only somewhat persuasive. (R. 28). ALJs are, of course, entitled to "choose

3

whom to credit" among competing experts so long as they do not "reject evidence for no reason or for the wrong reason." *Morales*, 225 F.3d at 317 (citation omitted).

Plaintiff has also argued the ALJ erred in relying on Dr. Smith-Demain's finding that "claimant reported being able to perform light household chores[,] and socialize with friends, and engage in hobbies." (R. 29). Plaintiff argues that these activities do not show an ability to work. Plaintiff is right insofar as "sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity." *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001). But she is wrong insofar as she implies daily activities are irrelevant to an ALJ's assessment of a claimant's RFC. SSR 96-8P, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). In this instance, the ALJ clearly considered Plaintiff's daily activities in his consideration of the relevant evidence, but he did not overemphasize those activities in his decision. Therefore, the Court does not fault the ALJ for relying on Dr. Smith-Demain's daily-activities notation. Overall, Plaintiff has not proven that the ALJ overlooked or mischaracterized evidence in finding Dr. Smith-Demain's opinion to be persuasive, nor that the ALJ relied on her opinion to support a medium-work RFC despite overwhelming contrary evidence. Accordingly, the Court finds no error in the ALJ's evaluation of Dr. Smith-Demain's opinion toward the RFC finding.

The Court also rejects Plaintiff's challenge to the ALJ's evaluation of Dr. Vizza and Rattan's findings, as well as Ms. Judy's opinion. The ALJ adequately explained his persuasive and somewhat-persuasive findings for these findings/opinions. (R. 28—29). Addressing the latter first, the ALJ was not required to adopt Ms. Judy's opinion that Plaintiff would be off task 10% of the time and absent approximately four days monthly merely because evidence in the record confirmed she suffered from headaches/migraines. The ALJ explained that these opined limitations were unsupported by Plaintiff's neurology records (R. 29), and his review of the neurology records reasonably led him to conclude that Plaintiff's symptoms were "manageable." (R. 27). To avoid onset of such symptoms, the ALJ included the avoidance-of-extremes-of-light limitation in the RFC. (R. 26). Plaintiff's argument is thus reduced to a request for a plausible alternative outcome. *Malloy*, 306 Fed. Appx. at 764.

Plaintiff argues that the ALJ should not have found Dr. Vizza and Dr. Rattan's findings to be persuasive because they found Plaintiff to be only mildly limited in understanding, remembering, and applying information, and moderately limited in concentrating, persisting, or maintaining pace. (R. 109). Plaintiff argues their findings are contradicted by evidence in the record of severe limitations in memory, attention, and concentration. Plaintiff's challenge to the ALJ's evaluation of Dr. Vizza and Dr. Rattan's findings is undermined by the ALJ's thorough consideration of Plaintiff's mental impairments evidence. In his evaluation of the evidence to determine whether Plaintiff's impairments met the criteria for a presumptively disabling impairment, the ALJ found Plaintiff to be no more than moderately limited in "understanding, remembering, or applying information" and in "concentrating, persisting, or maintaining pace." (R. 24—25). To that end the ALJ considered Plaintiff's representation that she was often forgetful, as well as objective evidence of forgetfulness, difficulty multitasking, and difficulty concentrating with "increased external stimuli." (*Id.*). In his consideration of the objective

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 17) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED as specified herein.

s/ Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of Record

---

impairments evidence toward the RFC, the ALJ acknowledged that Plaintiff's neuropsychological evaluation revealed "problems with memory loss, concentration, and comprehension." (R. 27). He considered this and neurology records pertaining to Plaintiff's post-concussive symptoms from her 2017 motor vehicle accident. (*Id.*). He found, however, that Plaintiff's "steady progress" and ability to care for grandchildren (one at a time) showed Plaintiff could work as specified in the RFC. (R. 28). Considering his thorough review of evidence relevant to Plaintiff's mental impairments and limitations, the Court finds that Plaintiff's challenge to the non-exertional component of her RFC is merely a request to re-weigh the evidence. For all these reasons, the Court will affirm the agency's final decision in this matter.